IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NAOMI FORD**                                                                                              **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO.** 3:21-cv-653-CWR-FKB

**WALMART, INC
AND JOHN DOES 1-10**                                                                            **DEFENDANTS**

## NOTICE OF REMOVAL

**COMES NOW** Walmart, Inc., incorrectly named as the proper party, and the proper party, Wal-Mart Stores East, LP (collectively "Walmart"), by and through counsel and without waiving any objections to venue or other defenses; including, but not limited to, those available under Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure; and files this Notice of Removal of this case from the Circuit Court of Madison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, and, in support hereof, would show unto this Court the following:

**I.    COMPLAINT**

1. This is a premises case. On May 5, 2021, Naomi Ford ("Plaintiff") filed her Complaint in this matter, hereto attached as Exhibit A, in the Circuit Court of Madison County, Mississippi, this being Cause No. 2021-0110-JM.

2. In her Complaint, Plaintiff seeks an unspecified amount of damages. *Id*. at 4.

3. However, Plaintiff has now, by way of her responses to Walmart's requests for admission, established that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Ex. B, Plaintiff's Responses to Requests for Admission. Therefore, as discussed in

more detail below, because (a) complete diversity of citizenship exists, and (b) the amount in controversy exceeds $75,000, this Court has jurisdiction over this case.

 **II.** **PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

  *A.* *This Case is Removable under 28 U.S.C. §§ 1441(a) and 1332(a)*

 4. 28 U.S.C. § 1441(a) provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.

 5. The United States District Court for the Southern District of Mississippi, Northern Division is the district and division embracing the location of the state court where this suit is currently pending.

 6. Additionally, 28 U.S.C. § 1332(a), as amended, provides in relevant part:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . . citizens of different States.

 7. As briefly mentioned above and discussed below, complete diversity of citizenship exists in this matter, and Plaintiff has established that the amount in controversy exceeds the sum or value or $75,000, exclusive of interest and costs. Therefore, this Court has original diversity jurisdiction over this case.

  *B.* *This Removal is Timely under 28 U.S.C. § 1446(b)*

 8. Under 28 U.S.C. § 1446(b) (emphasis added), a notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable."

9. Walmart was served with Plaintiff's responses to its requests for admission on September 16, 2021. Said responses constitute the "other paper" from which Walmart first ascertained that the amount in controversy has been met and that this case is removable based upon diversity jurisdiction. *See Reed v. Flores*, No. CIV.A. 1:09CV84SA-JA, 2009 WL 3766693, at *2 (N.D. Miss. Nov, 2009) (finding that removal was timely where the plaintiff's responses to the defendant's requests for admissions constituted the "'other paper' from which [the defendants] could first ascertain that [the p]laintiff sought over $75,000 in damages").

10. Since Walmart is removing this case within thirty days of September 16, 2021, this removal is timely.

    **C.** ***Required Documents are Attached and Notice to the Clerk Has Been Given***

11. Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served on Walmart are attached hereto as Exhibit C. Pursuant to Rule 5(b) of the Local Uniform Civil Rules, a true and correct copy of the entire state court file will be timely filed within fourteen (14) days of the date of removal.

12. Additionally, in accordance with 28 U.S.C. §1446(d), Walmart will file a copy of this Notice with the Clerk of the Circuit Court of Madison County, Mississippi, contemporaneous with the filing of the same with this Court.

    **III.** **DIVERSITY JURISDICTION**

13. As stated, this Court has original diversity jurisdiction over this case pursuant to §1332(a) because Plaintiff and Walmart are citizens of different states, and Plaintiff's responses to Walmart's requests for admission establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Diversity of Citizenship Exists

14. Plaintiff is a resident citizen of Madison, Mississippi. *See* Ex. A, at 1.

15. Wal-Mart Stores East, LP is and was a Delaware limited partnership with its principal place of business in Arkansas. WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are and were Delaware limited-liability companies, with their principal places of business in Arkansas. Wal-Mart Stores East, LLC is the sole member of both WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is and was an Arkansas limited-liability company, with its principal place of business in Arkansas. Walmart Inc. (f/k/a Wal-Mart Stores, Inc.) is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is and was a Delaware corporation, with its principal place of business in Arkansas. Wal-Mart Associates, Inc., is and was a Delaware corporation, with its principal place of business in Bentonville, Arkansas.

16. Consequently, complete diversity of citizenship exists.

### B. Amount in Controversy Has Been Met

17. Plaintiff's responses to requests for admission (Exhibit B) establish that the amount in controversy exceeds $75,000, exclusive of interest and costs:

   1. Admit the value of your claims for damages do not exceed the amount of $75,000.00.

   [RESPONSE:]  Deny.

   2. Admit that you would not accept any sum greater than $75,000.00 for any damages even if awarded by a jury.

   [RESPONSE:] Deny.

   3. Admit that you will never seek to amend the Complaint to seek an amount above $75,000.00.

[RESPONSE:] Deny.

4. Admit that you will never seek a verdict from any jury hearing this action greater than $75,000.00.

[RESPONSE:] Deny.

5. Admit that you will not seek a verdict in excess of $75,000.00 exclusive of interest and cost at the trial of this matter.

[RESPONSE:] Deny..

Ex. B, at 1, 2, Plaintiff's Responses to Walmart's Requests for Admission.

18. As seen above, in her responses, Plaintiff refused to admit that she would not accept a sum greater than $75,000 for any damages; that she would not seek to amend her Complaint to seek a sum greater than $75,000 for any damages; or that she would not seek a jury verdict in a sum greater than $75,000. Therefore, the amount-in-controversy component of diversity jurisdiction has been met in this case, and removal is proper. *Reed*, CIV.A. 1:09CV84SA-JA, 2009 WL 3766693, at *1-2 (finding that removal was proper where the plaintiff had denied a request for admission that asked her to "admit that [she would] not seek damages nor [would she] execute on any judgment rendered in [her] favor against the defendants in excess of $75,000, exclusive of interest and costs"); *Holmes v. Citifinancial Mortgage Co.*, 436 F. Supp. 2d 829, 831-32 (N.D. Miss. 2006) (holding that where Plaintiff claimed $74,500 for all damages alleged in his Complaint but did not submit an affidavit and binding stipulation agreement to that effect and objected and/or refused to answer requests for admissions that stated to a legal certainty that he would not seek or accept damages in excess of $75,000, the defendant had met its burden of proving the amount in controversy by a preponderance of the evidence); *Fields v. Household Bank (SB), N.A.*, 280 F. Supp. 2d 530, 531-32 (N.D. Miss. 2003) (finding that a defendant proves by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional

amount where the defendant requests that the plaintiff admit, through a request for admission, that she will not seek more than the jurisdictional limit, and the plaintiff denies the request); *Fields v. Beneficial Nat'l Bank USA*, No. 1:00CV64-S-A, 2000 WL 33907905, at *1 (N.D. Miss. June 7, 2000) (finding that the amount-in-controversy component of diversity jurisdiction had been met where the plaintiff had failed to agree not to seek damages in excess of $75,000).  As such, this Court has jurisdiction over this matter.

19. Walmart reserves its right to amend or supplement this Notice of Removal.

20. Walmart also reserves all affirmative defenses, including, but not limited to, Rule 8(c) and 12(b) defenses.

**WHEREFORE, PREMISES CONSIDERED**, Walmart respectfully requests that this Court proceed with the handling of this case as if it had been originally filed herein and that further proceedings in the Circuit Court of Madison County, Mississippi, be hereby stayed.

Respectfully submitted, this, the 14th day of October, 2021.

        WALMART, INC. AND
        WAL-MART STORES EAST, LP

By: _____
        Thomas M. Louis (MSB No. 8484)
        J. Caroline Johnson (MSB No. 105674)

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
POST OFFICE BOX 131
JACKSON, MISSISSIPPI  39205-0131
TELEPHONE:  (601) 605-6900
FACSIMILE:  (601) 605-6901
tlouis@wellsmarble.com
cjohnson@wellsmarble.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of this document was filed using the Court's ECF system, which should have automatically emailed a copy to:

Aafram Y. Sellers
Shequeena M. McKenzie
SELLERS & ASSOCIATES
395 Edgewood Terrace Drive
Jackson, Mississippi 39206
aafram@sellerslawfirm.net
smckenzie@sellerslawfirm.net

This the 14th day of October, 2021.

                                                      J. Caroline Johnson